16 F.3d 1228
 1994 A.M.C. 939
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Phyllis S. STAFFORD; Overton E. Stafford, Appellants,
v.
INTRAV, INC.; Windsor, Inc.; International Travel Advisors,
Inc., Appellees.
 No. 93-2102.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 15, 1993.
Filed: January 11, 1994.
 
 Before MAGILL, Circuit Judge, BRIGHT, Senior Circuit Judge, and VAN SICKLE,* Senior District Judge.
 PER CURIAM.
 
 
 1
 In this case brought in federal court on diversity grounds, the district court rejected on summary judgment the claims for damages of plaintiffs, Phyllis Stafford and her husband Overton Stafford, against the travel agents as defendants, Intrav, Inc., Windsor, Inc. and International Travel Advisors, Inc. Mrs. Stafford, while on a cruise, sustained injuries and claimed damages resulting from a fall down an open gangway on the cruise ship. Her husband claimed damages for loss of consortium. The cruise line owners, not susceptible to service in Missouri, were not parties to the action.
 
 
 2
 The district court, in denying recovery, concluded that Intrav, Inc., the contracting travel agent with plaintiffs, was not a demise charterer of the cruise vessel, did not otherwise control the vessel and did not undertake any implied contractual duty of safe passage.
 
 
 3
 We affirm the summary judgment of dismissal for reasons set forth in the excellent memorandum opinion of Honorable Carol E. Jackson and without further opinion. See Eighth Circuit Rule 47B.[1]
 
 
 
 *
 The HONORABLE BRUCE M. VAN SICKLE, Senior United States District Judge for the District of North Dakota, sitting by designation
 
 
 [1]
 We recognize that jurisdiction here is questionable. For purposes of this nonpublished opinion, we assume that jurisdiction exists over this appeal. Accordingly, the motion to dismiss for lack of appellate jurisdiction is dismissed as moot